# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| William H. Ball, | Case No. 2:24-cv-01755-CDS-NJK |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Silverton Casino, LLC, | [ECF Nos. 1, 6] |
| Defendant | |

Plaintiff William Ball commenced this age discrimination lawsuit against the Silverton Casino by filing a complaint and an application to proceed *in forma pauperis* (IFP). ECF No. 1. United States Magistrate Judge Nancy Koppe reviewed Ball's complaint and found that Ball failed to attach the right-to-sue letter issued showing that he had exhausted his administrative remedies prior to filing suit. Order, ECF No. 5 at 2. Because the court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, Judge Koppe ordered Ball to show cause why this case should not be dismissed for lack of subject matter jurisdiction, by providing a copy of the right to sue letter, by November 12, 2024. *Id.* That deadline passed without any response from Ball, so Judge Koppe recommends dismissal without prejudice. R&R, ECF No. 6. Ball had until December 20, 2024, to object to that recommendation. *Id.* (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). To date, Ball has neither objected nor moved for an extension of the time to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Generally, in determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130). However, Ball failed to satisfy his burden of establishing subject matter jurisdiction, so I do not address those factors here. *See* 28 U.S.C. § 1331 (setting forth requirements for federal question jurisdiction); *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (stating that the plaintiff has the burden of establishing subject matter jurisdiction). Because Ball has not lodged any objection to the R&R's recommendation of dismissal, nor has he established that this court has jurisdiction over this dispute, I find that dismissal of Ball's case is appropriate. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Judge Koppe's R&R is accepted and adopted.

## Conclusion

It is therefore ordered that the report and recommendation **[ECF No. 6] is adopted** in its entirety. This action is now dismissed without prejudice. Ball's application to proceed *in forma pauperis* **[ECF No. 1] is denied as moot**.

The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: January 16, 2025

_____
Cristina D. Silva
United States District Judge